UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

COLLEEN O'DONNELL, )
)
    Plaintiff, )
)
v. ) No. 4:10-CV-1360-HEA
)
MARKET PROBE, INC., )
)
    Defendant. )

## OPINION, ORDER AND MEMORANDUM

This matter is before the Court upon the application of Colleen O'Donnell for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## The complaint

Plaintiff seeks monetary damages in this action against her former employer, Market Probe, Inc. Plaintiff alleges that defendant "committed an intentional tort in connection with [her] employment from March 4-17, 2010," and that defendant's tortious actions damaged her reputation and caused her emotional stress and mental anguish, resulting in severe economic hardship. Plaintiff states that she resides in St. Louis, Missouri, and that defendant is also located in St. Louis, Missouri.

## Discussion

At the outset, the Court notes that plaintiff is bringing this action under "15 U.S.C. Section 6631, Damages in Tort Claims." The Court finds, however, that 15 U.S.C. § 6631 does not exist, and in any event, a federal tort claim damages statute does not provide a jurisdictional basis for filing an action in Federal Court. For these reasons, federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable.

Moreover, plaintiff does not allege, nor does it appear, that diversity of jurisdiction exists in this case. Thus, even if the Court were to liberally construe this action as having been brought under 28 U.S.C. § 1332, subject matter jurisdiction would be lacking. `See 28 U.S.C. § 1332.`

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the Court lacks jurisdiction over this action. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for default judgment [Doc. #4] is **DENIED** as moot.

A separate order of dismissal shall accompany this memorandum and order.

Dated this 13th day of October, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE